USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT N. SAMA,<br><br>    Plaintiff,<br><br>-against-<br><br>THE FEDERAL RESERVE BANK OF NEW YORK,<br><br>    Defendants. | Case No.:  20-CV-10450 (VEC)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER AND FRE 502(D) AND (E) CLAWBACK AGREEMENT/ORDER |

**VALERIE E. CAPRONI, District Judge:**

  WHEREAS, the parties in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials; and

  WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" or "For Counsel Only Information" will be disclosed only as provided herein;

  WHEREAS, the parties may have to produce large volumes of Documents.  The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any privileges or evidentiary protections applicable to the information contained in the Documents produced, including with respect to third parties and other proceedings.

  WHEREAS, the parties have agreed to protect any and all privileged, confidential, and

otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request, or informal production.

WHEREAS, this Stipulation and Order is designed to foreclose any arguments that the disclosure or production of Documents subject to any applicable privilege, including without limitation the attorney-client privilege, work-product doctrine, bank examination privilege or any other applicable privilege:

a) was not inadvertent by the Producing Party;

b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

c) that the Producing Party did not take reasonable or timely steps to rectify disclosing such Documents; and/or

d) that such disclosure acts as a waiver of any applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged, confidential, and otherwise protected documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

WHEREAS, in addition to their agreement, the parties need the additional protections of a Court Order under FRE 502(d) and (e).

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" or "For Counsel Only Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED THAT:

1. This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

**Confidentiality Agreement and Protective Order**

2. Any person subject to this Order who receives from any other person any "Documents that are designated as "Confidential Information" or "For Counsel Only Information" pursuant to the terms of this Order shall not disclose such Documents to anyone else except as expressly permitted hereunder.

3. The Producing Party may designate as Confidential the portion of such Document that it reasonably believes consists of:

   a. financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

   b. material previously nondisclosed to the public relating to ownership or control of any non-public company;

   c. business plans, product development information, or marketing plans previously nondisclosed to the public;

      d.    any information of a personal or intimate nature regarding any individual, including but not limited to, personnel records, medical information, or pay and benefits information concerning Defendant's current or former employees or contingent workers;

      e.    internal and external audit reports, oversight, and other reviews;

      f.    internal policies and procedures;

      g.    information related to the Federal Reserve Bank of New York's security controls, procedures, and operations; or

      h.    any other category of information hereinafter given confidential status by the Court.

4.    Except as indicated herein, this Agreement shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to the "Confidential Information" and the "For Counsel Only Information." The fact that information is designated as "Confidential" or "For Counsel Only" under this Agreement shall not determine or affect what a court of competent jurisdiction may determine to be "Confidential" or "For Counsel Only."

5.    With respect to the Confidential portion of any Documents other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the Document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 30 days of receipt of the transcript, by highlighting that portion of the testimony and stamping in the margin "Confidential".

6. This Agreement is for the purpose of protecting legitimate confidential business information, technical or professional trade secret information, and confidential personnel information, and not for suppression or secretion of evidence. Accordingly, any party invoking the protection of this Agreement by designating any ESI file, paper document, material, or any portion of testimony as "Confidential," shall, on request of counsel for an opposing party, specify the confidential business information, technical or professional trade secret information, or confidential personnel information forming the basis of the claim of confidentiality being asserted. If the parties agree that redaction or deletion of the specified confidential information will protect the confidential information contained in the ESI files or paper documents, redactions or deletions of the specified confidential information shall release the other portions of the ESI files or paper documents from confidential status. If the parties do not agree the redaction or deletion of the ESI files or paper documents will protect the confidential information contained therein, or if the redaction or deletion requested by one party is unduly burdensome, the specified ESI files or documents shall remain confidential until otherwise ordered by the Court.

7. With respect to the Confidential portion of any Documents, including deposition transcripts and exhibits, the parties agree that they will not disclose any information designated Confidential, or allow any information designated Confidential to be disclosed, or use any information designated as Confidential other than strictly for the purposes of this action.

8. If, at least 30 days prior to the trial of this action, a Producing Party realizes that some portion[s] of Documents that that person previously produced without limitation should be designated as Confidential, they may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with

replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice. Electronic copies of the replacement versions, in full color, are acceptable.

9. No person subject to this Order, other than the Producing Party, shall disclose any of the Documents or the information therein designated by the Producing Party as Confidential to any other person, except to:

    a.    the parties to this action;

    b.    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, subject to the terms of this Order;

    c.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy under the understanding that said individual will maintain the information as Confidential pursuant to the terms of this Agreement;

    d.    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.    stenographers engaged to transcribe depositions conducted in this action; and

g.  independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.  the Court and its support personnel;

i.  any third-party neutral agreed upon by the parties to attempt to settle this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

j.  any other person whom the Producing Party, or other person designating the Documents confidential pursuant to paragraph 10 below, agrees in writing may have access to such Documents, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

10. Prior to any disclosure of any Confidential Documents to any person referred to in subparagraphs 9(d) or 9(e) or 9(g) or 9(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel at such time as the Federal Rules of Civil Procedure require identification of any such person referred to in subparagraphs 9(d) or 9(e) or 9(g) or 9(j) above.

11. A party who wishes to disclose Confidential Information or For Counsel Only Information to a person not authorized under paragraph 9 must first make a reasonable attempt to obtain the Producing Party's permission. If the party is unable to obtain permission, it may move

the Court to obtain permission. The person that is producing Documents that contains Confidential Information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means may designate such Documents as "For Counsel Only Information." Unless otherwise ordered by the court or permitted in writing by the Producing Party, the party receiving such Discovery Material may disclose any information or item designated "For Counsel Only Information" only to:

    a. the Receiving Party's counsel of record in this action, as well as employees of said counsel engaged in the representation of the parties in the above-captioned action, subject to the terms of this Order;

    b. in-house counsel of the Receiving Party, subject to the terms of this Order;

    c. Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    d. the Court and its personnel;

    e. court reporters, their staff; and

    f. the author of the document or the original source of the information.

12. This Order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an

express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). If a party wishes to file in the public record a document that another producer has designated as Confidential, the party must advise the producer of the document no later than five (5) business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal. If the producer does not move the Court to require the document to be filed under seal at least three (3) business days prior to the date the document is due to be filed, the document may be filed in the public record as if it had not been designated Confidential.

13.   If a party disputes the Producing Party's designation of information as Confidential, the party shall notify the Producing Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed, and proposing a new designation for such materials. The party and the Producing Party shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, counsel for all parties will request the Court's assistance with this dispute.  A party's failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such.

14.   This Protective Order shall survive the termination of the litigation. Within ninety (90) days after the conclusion of this litigation, including appeals, and upon written request by the producing party, all Documents designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or, destroyed.  If the Documents are destroyed, written certification of destruction must be provided to the Producing Party.

15. Any person in possession of another party's Documents designated Confidential shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Documents, protect against any reasonably anticipated threats or hazards to the security of such Documents, and protect against unauthorized access to or use of such Documents. To the extent a person or party does not have an information security program they may comply with this provision by having the Documents managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program, provided that the vendor or claims administrator's program has gone through a third-party information security audit. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Documents, the Receiving Party shall: (1) promptly provide written notice to the Producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**FRE 502(d) and 502(e) Clawback Agreement and Order**

16. Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

   a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, the work-product doctrine, and any other applicable privilege to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

   b) In connection with such productions, the parties must take reasonable steps to prevent the inadvertent disclosure of Documents that are Privileged Materials by, for example, conducting an electronic privilege review which will involve searching for attorneys' last names and key terms related to the rendering of legal advice, and will withhold any Privileged Materials from production following a review and good-faith determination that the Privileged Materials are privileged.

   c) The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

   d) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

      i. the Receiving Party shall: (A) refrain from reading the Document any more closely than is necessary to ascertain that it is privileged or otherwise

        protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Documents by Bates number range or hash value, and, (D) within ten (10) days of the Producing Party confirming that the Document is privileged or protected, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof.  To the extent that a Documents have been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Documents extracted from the database.  Where such Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to conduct any search or review of Documents to identify potentially privileged Documents.

ii.    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above or as soon thereafter as is reasonably practical, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Document does not contain

privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

e) If, during the course of this litigation, a party determines it has produced a privileged or protected Document:

    i. the Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Documents do not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Documents that omit the information that the Producing Party believes is subject to a claim of privilege or other protection.

    ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above or as soon thereafter as is reasonably practical, return, sequester, or destroy the Document and any

   copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Document extracted from the database.

f) To the extent that the information contained in a Documents has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

g) The Receiving Party's return, sequestering or destruction of Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

  i. the disclosure or production of the Documents acts as a waiver of an applicable privilege or evidentiary protection;

  ii. the disclosure of the Documents was not inadvertent;

  iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Documents; or

        iv.    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

h) Either party may submit Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Documents until such claim is resolved. The Receiving Party may not use the Documents for any purpose absent this Court's Order.

i) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Documents by search terms or other means.

j) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party.

k) By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. Once executed by all parties, the Stipulation shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

**GENERAL PROVISIONS**

19. Any ESI and other material that has been designated as "Confidential" may be disclosed to any individual if it appears on the face of such ESI or other material that it was authored by, sent to or received by, or previously examined by such individual, under the understanding that said individual will maintain the information as "Confidential" pursuant to the terms of this Agreement.

20. A party shall not be obligated to challenge the propriety of a designation of ESI and other material as "Confidential Information" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any stage of these proceedings with a designation of ESI and other information as "Confidential Information," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking to preserve confidentiality shall have the burden to establish such confidentiality in disputes brought to the Court for resolution. Confidentiality shall be preserved until the Court's resolution of the dispute.

21. Nothing shall prevent disclosure beyond the terms of this Stipulation if the party designating the information expressly consents to such disclosure, either in writing or in the written record of any proceeding in this case, or if the Court, after notice to all affected parties, orders such disclosure.

22. Nothing in the foregoing provisions of this Stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of ESI, documents or other discovery material as that party may

consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

23. Nothing in this Stipulation shall bar or otherwise restrict any attorney of record herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his examination of "Confidential Information" produced or exchanged herein, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the contents of the "Confidential Information" produced by another party herein which disclosure would be contrary to the terms of this Stipulation.

24. This Stipulation terminates and supersedes all prior understandings or agreements between the parties on the subject matter hereof.

25. No part of the restrictions imposed by this Stipulation may be terminated, except by the written stipulation executed by the attorneys of record for each party, or by an order of the Court for good cause shown. Nothing herein shall prevent any Party from applying to the Court for a modification of this Stipulation should the moving Party believe the Stipulation as originally agreed upon is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Stipulations; or from an Stipulation between the Parties to any modification of this Agreement, subject to the approval of the Court.

STIPULATED TO THIS ____ DAY OF _____ 2021

| | |
|---|---|
| **LITTLER MENDELSON, PC** | **MICHAEL CORNACCHIA** |
| By: _/s/ James F. Horton_ | By: __/s Michael Cornacchia__ |
| James F. Horton | |
| Date: 7/20/2021 | Date: 7/20/2021 |
| | |
| | **CARLA SANDERSON** |
| | |
| | By: __/s Carla Sanderson__ |
| | |
| | Date: 7/20/2021 |

Notwithstanding any provision to the contrary, when seeking to file with the Court confidential material under seal, the parties must comply with the Court's Individual Rule 5.

SO ORDERED:

_/s/ Valerie Caproni_

Valerie E. Caproni, District Judge

Date: July 21, 2021

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT N. SAMA,<br><br>                Plaintiff,<br><br>      -against-<br><br>THE FEDERAL RESERVE BANK OF NEW YORK,<br><br>                Defendants. | Case No.: 20-CV-10450 (VEC) |

    I, _____, acknowledge that I have read and understand the Protective Order and FRE 502(D) and (E) Clawback Agreement/Order ("Order") in this action governing the non-disclosure of information that has been designated as Confidential. I agree that I will abide by the terms of the Order and will not disclose such information to anyone except as may be authorized by the terms of the Order. I further agree that I will not make use of any information or material obtained by me pursuant to the terms of the Order other than for purposes of this litigation and that at the conclusion of the litigation, I will promptly return all electronic and hard copies of discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____                      _____